IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00117-CNS-NRN

WILLIAM ROBERT SCHROEDER, DO, MCDB,

Plaintiff,

v.

HEART OF THE ROCKIES REGIONAL MEDICAL CENTER,
ROBERT MORASKO, former HRRMC CEO,
HEATHER ROBERTS, RN Vice President of Clinical Operations,
DR. BRODY, MD, Full Legal Name Unknown,
KOZAK & GAYER, PA, HRRMC Institutional Legal Counsel,
JOHN TUCKER, Current HRRMC CEO/President,
DR. JOSHUA VISATACION, MD, HRRMC Chief of Staff,
SARAH MCMAHON, HR Director HRRMC,
COMPUGROUP MEDICAL INC.,
DOLLY CHAMNESS, Director of IT Services, HRRMC,
AUBREY PAVLACKA, P.A., HRRMC Pain Management Department,
DR. ANDREW EMMERMAN, MD, Locum Tenens Physician,
DR. RICHARD WOLKOWITZ, MD, HRRMC Pain Management,
DR. ERIC DJENGE, MD, HRRMC Internal Medicine, and
JOHN DOES 1-10 (Unknown employees, agents, or third-party contractors of HRRMC involved in record management, billing, or administration),

Defendants.

---

**ORDER**

---

Before the Court are the HRRMC Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), *see* ECF No. 65 at 1 (defining HRRMC Defendants), and Defendant CompuGroup Medical, Inc.'s (CompuGroup's)

Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 107.[1] For the following reasons, the Court GRANTS both motions. In doing so, it presumes familiarity with this case's factual and procedural background, the allegations in Plaintiff's operative complaint, ECF No. 27, and the legal standards governing the Court's analyses. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

## I. SUMMARY FOR *PRO SE* PLAINTIFF

Defendants move to dismiss your claims against them. As for the HRRMC Defendants, many of your claims are barred by the Colorado Governmental Immunity Act because you fail to allege that you provided these defendants with adequate notice. Explained below, the Court dismisses those claims without prejudice, but gives you only one more chance to allege facts sufficient to satisfy the CGIA's requirements. Regarding your remaining claims, the Court dismisses those as well. You cannot assert False Claims Act retaliation claims against the individual HRRMC Defendants, and moreover you have not alleged sufficient facts to sustain your contract-based claims. Moreover, your briefing in response to the HRRMC Defendants' motion is cursory and inadequate, which means you waived virtually all arguments against their request to dismiss your claims.

As for CompuGroup, dismissal of your claim against it is proper because you have failed to adequately allege that CompuGroup engaged in any extreme and outrageous conduct, which you are required to do under the law.

[1] Defendants Dr. Brody—whose full legal name Plaintiff represents is "unknown"—and Kozak & Gayer, P.A., have not yet appeared in this action. In his reply brief, Plaintiff represents that he has now identified Dr. Brody as "Dr. Boyd." ECF No. 84 at 2. Plaintiff must amend the operative complaint to properly assert a claim against "Dr. Boyd"—Plaintiff's "intended party." *Id.* The Court will not on its own amend Plaintiff's operative complaint for him. The Court further notes that summons were issued to Kozak & Gayer, P.A. on October 7, 2026. ECF No. 117.

## II. ANALYSIS

### A. HRRMC Defendants' Motion to Dismiss

The HRRMC Defendants urge dismissal on several grounds. The Court considers them below, agreeing with the HRRMC Defendants that dismissal of Plaintiff's claims against them is proper.

#### i. The CGIA

##### a. The CGIA applies to the HRRMC Defendants.

*First*, the Court agrees with the HRRMC Defendants that the Colorado Governmental Immunity Act (CGIA) applies to them. *See* ECF No. 65 at 3; ECF No. 65-1 at 2; C.R.S. § 24–10–103; C.R.S. § 24–10–106. This includes both Defendant HRRMC as a health service district, *see* ECF No. 65-1 at 2, and the individual HRRMC Defendants, *see* ECF No. 65-2. *See also* § 24–10–103(4)(a).[2]

##### b. Many of Plaintiff's claims against the HRRMC Defendants are subject to the CGIA.

*Second*, the Court agrees with the HRRMC Defendants that the CGIA applies to—and explained below, bars—Plaintiff's claims for defamation per se, tortious interference with contractual and professional relations, and intentional infliction of emotional distress (IIED). *See* ECF No. 65 at 4–5 (collecting cases explaining how the CGIA applies to such

[2] Plaintiff argues in his response brief that the HRRMC Defendants have improperly submitted "extrinsic evidence" in support of this argument. ECF No. 84 at 6. Yet the Court may consider such attachments, given that the HRRMC Defendants move to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of jurisdiction. *See, e.g., Peoples v. Long*, No. 1:20–cv–02116–RBJ–NYW, 2021 WL 7159900, at *7 (D. Colo. Dec. 13, 2021), *report and recommendation adopted*, No. 1:20–cv–02116–RBJ–NYW, 2022 WL 92983 (D. Colo. Jan. 10, 2022) ("The court has wide discretion on Rule 12(b)(1) motions to dismiss to consider evidence outside the pleadings where the factual basis for subject matter jurisdiction is challenged."). And as explained by the HRRMC Defendants in their reply brief, the Court may likewise consider the employment agreement attached to their motion. *See* ECF No. 93 at 8 (explaining such agreement is central to the operative complaint's allegations and collecting cases in support of such explanation).

claims). Further, the Court agrees with the HRRMC Defendants that, under the reasoning of several Colorado cases, it follows from these cases that the CGIA also appears to bar Plaintiff's retaliation claim under the Colorado False Claims Act (CFCA). *See id.* at 5; *Castillo v. Denver Health & Hosp. Auth.*, 2022 WL 22926722, at *2 (Colo. App. Jan. 6, 2022) (unpublished) ("[C]laims arising from retaliation for whistleblowing lie in tort."); *State Pers. Bd. v. Lloyd*, 752 P.2d 559, 565 (Colo. 1988) (concluding claims under whistleblower statute were subject to CGIA); *Bakes v. Denver Health & Hosp. Auth.*, 572 P.3d 146, 152 (Colo. App. 2025) (reaching same conclusion as to claim under the Health Care Worker Protection Act).[3]

**c. Plaintiff has failed to allege facts showing he complied with the CGIA, and so the Court dismisses his claims without prejudice.**

*Third*, and as indicated above, even accepting Plaintiff's allegations in the operative complaint as true and providing them with a liberal construction based on his *pro se* status, the Court agrees with the HRRMC Defendants that the CGIA bars Plaintiff's claims because he has not satisfied its *notice* requirement. Compliance with CGIA's notice requirement is jurisdictional in nature. *See, e.g.,* ECF No. 65 at 6; *First Nat'l Bank of Durango v. Lyons*, 349 P.3d 1161, 1168 (Colo. App. 2015) ("[S]tatutory notice is a jurisdictional prerequisite to an action under the CGIA." (citation modified)); *Scott v. Cary*, No. 18–cv–610–WJM–SKC, 2019 WL 5957295, at *4 (D. Colo. Nov. 12, 2019), *aff'd*, 829

[3] The HRRMC Defendants cite no case that has explicitly determined retaliation claims under the CFCA are subject to the CGIA. *Cf.* ECF No. 65 at 3. But even if the reasoning of these cases was inapplicable to Plaintiff's CFCA retaliation claim, as explained further below, dismissal of Plaintiff's CFCA claim on alternative or additional *plausibility* grounds is proper, particularly in light of the inadequacies and perfunctory nature of Plaintiff's arguments in his response brief.

F. App'x 334 (10th Cir. 2020) ("Compliance with section 24–10–109(1) of the CGIA, which requires that notice be filed within 182 days, is 'a jurisdictional prerequisite to suit that therefore requires strict compliance with its terms.' Litigants filing claims subject to the CGIA must plead compliance with subsection (1) in order to survive a motion to dismiss." (quoting *Finnie v. Jefferson City Sch. Dist. R-1*, 79 P.3d 1253, 1256 (Colo. 2003)).

Plaintiff presents *no* allegations demonstrating any efforts to comply with the CGIA's notice requirement. Notably, Plaintiff does not respond to the HRRMC Defendant's *notice* argument, essentially conceding it and waiving any argument to the contrary. *See* ECF No. 84 at 5 (resisting the HRRMC Defendant's CGIA argument solely because Plaintiff has "pleaded willful and wanton misconduct . . . and the CGIA cannot bar federal FCA claims" (citation modified)); *Coulter v. Butler*, No. CIV–24–835–R, 2025 WL 1942415, at *2 (W.D. Okla. July 15, 2025) ("[A] lack of response to a party's substantive argument a waiver of the issue." (citation modified)).[4] Yet even providing Plaintiff's allegations with a liberal construction, at the *absolute most* Plaintiff alleges that he provided some form of notice in August 2025 in the form of "submission of settlement offers." ECF No. 26-3 at 4; ECF No. 27 at 55. Assuming this could even count as sufficient notice under the CGIA, it is dated more than 182 days after his dismissal, and even after the alleged December 25, 2024, "retaliatory complaint." ECF No. 84 at 5; ECF No. 26-3

[4] Despite Plaintiff's argument that he alleges the HRRMC Defendants' conduct was willful and wanton, and thus that they are "not immune" under the CGIA, ECF No. 84 at 5, Plaintiff must still comply with the CGIA's notice requirement. *See BNC Metro. Dist. No. 1 v. BNC Metro. Dist. No. 3*, 573 P.3d 129, 138 (Colo. App. 2025) ("[N]otice is required under the CGIA regardless of whether the alleged injury resulted from a public employee's willful and wanton conduct." (citation modified)). So too does Plaintiff's argument that the HRRMC Defendants are "equitably estopped" from arguing they lacked CGIA notice fail. *Compare* ECF No. 84 at 5, *with Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200, 1206 (Colo. 2000).

at 4; ECF No. 93 at 4. Thus, because Plaintiff has failed to allege that he submitted any kind of notice to the HRRMC Defendants within the CGIA's 182-day timeframe, dismissal of his claims due to this failure is proper. *See, e.g., Bakes*, 572 P.3d at 149 ("When a claim falls within the scope of the CGIA, the claimant must provide notice of the claim to the public entity within 182 days of discovering the injury." (citation modified)); *Handy v. City of Sheridan*, No. 12–cv–01015–WYD–KMT, 2013 WL 1232211, at *3 (D. Colo. Mar. 26, 2013) (explaining the same).

Because Plaintiff has failed to allege or even argue that he submitted any adequate CGIA notice within the applicable time frame, the Court lacks jurisdiction over his claims due to his failure to comply with this *notice* requirement. *See, e.g.*, *Sweeney v. Univ. of Colorado Hosp. Auth*., No. 23–cv–02451–NYW–MDB, 2024 WL 3713835, at *5 (D. Colo. July 12, 2024), *aff'd sub nom. Timken v. S. Denver Cardiology Assocs., P.C*., 155 F.4th 1227 (10th Cir. 2025) ("[T]he CGIA . . . requires the plaintiff to provide notice of tort claims to the public entity or public employee within 182 days of discovering the tort injury and before filing an action in court." (citation modified)). The Court reaches the same conclusion even if it liberally construes Plaintiff's alleged settlement notices and assumes such notices are adequate under the CGIA, given that such notices fall outside the statute's time frame for providing notice to the HRRMC Defendants.

Since dismissal of Plaintiff's claims that are subject to the CGIA and its *notice* requirement is proper, the Court must decide whether these claims should be dismissed with or without prejudice. The Court disagrees with the HRRMC Defendants that dismissal with prejudice is proper. *See* ECF No. 65 at 6. Dismissal on jurisdictional grounds is

typically without prejudice. *See Jackson v. Beston*, No. 24–cv–02129–RMR–KAS, 2025 WL 3242526, at *2 n.1 (D. Colo. Sept. 15, 2025). And there is nothing on the face of the operative complaint demonstrating that amendment would be wholly futile. *Cf. Sweeney*, 2024 WL 3713835, at *5 n.7. For instance, Plaintiff could allege—should there actually be a factual basis for doing so—that he provided notice prior to August 2025. However, the Court notes that such an allegation *must* demonstrate "strict compliance" with the CGIA and its notice requirement. *Mostellar v. City of Colorado Springs*, 587 P.3d 168, 172 (Colo. 2026) ("[S]trict compliance with the statute is a jurisdictional prerequisite to any action brought under the CGIA." (citation modified)). Failure to *clearly* and *plainly* allege that such adequate notice was provided will subject any amended complaint to summary dismissal.[5] Given that this order provides Plaintiff with a crystal clear explanation of why the operative complaint's allegations are deficient, failure to cure the deficiencies identified above will result in dismissal of claims subject to the CGIA *with* prejudice. *See, e.g., Reed v. Sandoval*, No. 24–cv–03564–PAB–CYC, 2026 WL 835778, at *6 (D. Colo. Mar. 26, 2026) ("Although the Federal Rules permit and require liberal construction and amendment of pleadings, the Rules do not grant the parties unlimited rights of amendment." (citation modified)).

* * *

The Court provides the following summary of its CGIA analysis. The HRRMC Defendants are entities and individuals covered by the CGIA. Thus, Plaintiff must comply

[5] The Court notes that leave to amend is not an invitation to improperly fabricate allegations or to simply reallege deficient facts in any unnecessarily long complaint. *Cf.* Fed. R. Civ. P. 8(a).

with the CGIA's requirements in order to bring those claims against the HRRMC Defendants in this lawsuit. Plaintiff has failed to comply with the CGIA. Thus, the Court dismisses his claims for defamation per se, tortious interference with contractual and professional relations, IIED, and violation of the CFCA without prejudice. Although this means that Plaintiff can file an amended complaint, failure to allege strict compliance with the CGIA and its notice requirement will result in summary dismissal of Plaintiff's claims.[6]

**ii. Application of Rule 12(b)(6)**

Next, the HRRMC Defendants argue that Plaintiff's FCA and CFCA claims, as well as his contract-based claims, are not plausible under Rule 12(b)(6). ECF No. 65 at 7.[7] The Court agrees.

**a. Plaintiff cannot state claims against individual defendants under the FCA, and moreover he has failed to plead plausible FCA and CFCA claims.**

*First*, the Court agrees with the HRRMC Defendants that Plaintiff's FCA claims against individual HRRMC Defendants must be dismissed. *See* ECF No. 65 at 8; *United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*, 915 F.3d 1158, 1167 (8th Cir. 2019) ("Because Congress did not amend the FCA to impose individual liability, the FCA does not impose individual liability for retaliation claims."); *Del Signore v. Nokia of Am. Corp.*, No. 20 C 4019, 2021 WL 12302271, at *5 (N.D. Ill. Sept. 27, 2021), *aff'd*, No. 23–1973, 2024 WL 503953 (7th Cir. Feb. 9, 2024) ("[An individual defendant] cannot be individually

---

[6] For these reasons, the Court need not address the HRRMC Defendant's arguments that these claims must be dismissed as a matter of *plausibility* under Rule 12(b)(6). *See, e.g.,* ECF No. 65 at 14.

[7] The Court notes that the HRRMC Defendants do not move to dismiss Plaintiff's federal FCA claim based on the CGIA. *See* ECF No. 93 at 3 n.1.

liable for whistleblower retaliation under the FCA, so plaintiff's FCA claim against [that defendant] is dismissed."). Dismissal of these claims with prejudice is proper because no amendment can cure such claims against the individual HRRMC Defendants, as they are barred by law.

*Second*, the Court agrees with the HRRMC Defendants that Plaintiff has failed to adequately plead that he engaged in protected activity and that the HRRMC Defendants had notice of any such protected activity. *See United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019) ("To state a claim of retaliation, a plaintiff must meet her burden of pleading facts that prove (1) she engaged in protected activity, (2) the defendant had been put on notice of that protected activity, and (3) the defendant retaliated against the plaintiff because of that activity." (citation modified)); ECF No. 65 at 8. *See also* ECF No. 93 at 5. Regardless, in resisting the HRRMC Defendants' FCA arguments, Plaintiff argues only this: "Pleading notice of crashing EMR software, chart erasures, and billing hazards fully satisfies Rule 8(a)." ECF No. 84 at 6. This one-sentence argument fails to address the HRRMC Defendants' arguments which thoroughly explain the pleading deficiencies as to Plaintiff's FCA claim. Thus the Court may not only disregard it but, also conclude from it that Plaintiff has waived any argument that the HRRMC Defendants' interpretation of the operative complaint and its FCA allegations are incorrect. *See, e.g., Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1285 (10th Cir. 2026) (observing that appellant "develop[ed] each claim perfunctorily, in only a sentence or two" and that "a single sentence of argument does not adequately develop a distinct [argument]" (citation modified)); *Bertolo v. Raemisch*, No. 17–cv–00773–RM–KLM, 2020

WL 1502295, at *7 (D. Colo. Mar. 30, 2020) (stating that "cursory arguments, without supporting analysis and case law, are waived" and that a court "may decline to consider argument which is unsupported and inadequately briefed" and collecting cases in support of these propositions).[8]

Similarly, Plaintiff offers no meaningful response to the HRRMC Defendants' argument that the CFCA claim should be dismissed for the same reason. *See* ECF No. 10 at 17. Thus, even if the Court disregards persuasive authority that the CFCA contains the same or materially similar requirements as the FCA for retaliation claims, Plaintiff has waived any challenge to this argument from the HRRMC Defendants. *See, e.g., United States ex rel. Lovato v. Kindred Healthcare, Inc.*, No. 15–cv–02759–CMA–NYW, 2020 WL 9160872, at *5 (D. Colo. Dec. 14, 2020), *report and recommendation adopted sub nom. Colorado v. Kindred Healthcare, Inc.*, No. 15–cv–02759–CMA, 2021 WL 1085423 (D. Colo. Mar. 22, 2021) (observing that Colorado's Medicaid False Claims Act contains a "whistleblower protection provision that mirrors the FCA for any employees retaliated against"); *Coulter*, 2025 WL 1942415, at *2; *Adams*, 168 F.4th at 1285.

---

[8] Plaintiff argues elsewhere in his response brief that he engaged in protected activity by "reporting systemic Electronic Medical Record (EMR) defects and data extraction barriers." ECF No. 84 at 3. *See also id.* at 7 (arguing without reference or citation to operative complaint that "[r]eporting EMR compliance defects directly implicates Medicare/Medicaid billing certifications"). Not only is this argument perfunctory, but it fails to identify any supporting allegation—must less identify to *whom* or *when* Plaintiff made such alleged reports. *See Adams*, 168 F.4th at 1285; ECF No. 27 at 10 (alleging "ongoing CMS non-compliance" related to EMRs but failing to allege to whom Plaintiff made any reports as to such non-compliance). Regardless, Plaintiff's briefing is simply inadequate such that he has demonstrated that his claims survive dismissal. *See, e.g., Adams*, 168 F.4th at 1285; *Bertolo*, 2020 WL 1502295, at *7.

**b. Plaintiff has failed to plead plausible claims for breach of contract and breach of the covenant of good faith and fair dealing.**

The HRRMC Defendants argue that Plaintiff has failed to plead claims for breach of contract and breach of the covenant of good faith and fair dealing. *See* ECF No. 65 at 11; *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (setting forth requirements for breach of contract claim); *New Design Constr. Co. v. Hamon Contractors, Inc.*, 215 P.3d 1172, 1181 (Colo. App. 2008) (explaining requirements for breach of good faith and fair dealing). The Court agrees. In any event, separate from the HRRMC Defendants' persuasive argument that the operative complaint fails to allege facts sufficient to state either claim, Plaintiff's briefing in response is, as with his other arguments, perfunctory, and limited to a few sentences. As the HRRMC Defendants observe, in resisting dismissal of his breach of good faith and fair dealing claim, Plaintiff argues only that—and without citation to any allegations in the operative complaint—this claim is plausible because "HRRMC breached [this duty] by conducting covert EMR surveillance and fabricating administrative complaints." ECF No. 84 at 6. *Cf.* ECF No. 93 at 2, 6–7. A lone sentence with no support is insufficient to advance an argument and amounts to waiver of the HRRMC Defendants' dismissal arguments. *See, e.g., Adams,* 168 F.4th at 1285; *Bertolo*, 2020 WL 1502295, at *7. Accordingly, these claims are dismissed without prejudice, given that amendment of the operative complaint to plausibly set forth such claims would not be categorically futile. However, the Court reiterates its warnings set forth above that leave to amend is not an invitation for Plaintiff to add numerous, unrelated allegations to what is already an overlong complaint.

* * *

The parties have filed numerous briefs in this round of dismissal briefing. This is to say nothing of the numerous other motions that Plaintiff has filed. Because the Court dismisses all of Plaintiff's claims, all of those pending motions are denied as moot. *See, e.g., Erbacher v. Albrecht*, No. 1:11–cv–00096–RJS, 2013 WL 3049289, at *3 (D. Utah June 17, 2013) ("All claims being dismissed, the remaining motions are moot.").[9]

The Court makes one final observation. Judicial resources are scarce. And it is an expenditure of judicial resources to resolve any motion, whether filed by a *pro se* plaintiff or plaintiff represented by counsel. But it is a colossal expenditure of judicial resources to resolve motions that pertain to inadequately pleaded complaints, coupled with perfunctory arguments in response, as well as scattershot motions for injunctive relief and discovery requests.

For these reasons, the Court invites Plaintiff to ask, should he choose to file additional motions or an amended complaint, whether *more* is *better.* If it helps guide Plaintiff's thinking on this issue, it very often isn't. And as indicated above, uncured inadequacies in any amended complaint may result in summary dismissal of Plaintiff's claims.

[9] To the extent that Plaintiff attempts to assert additional claims in his response brief, such as a claim under the Colorado Wage Claim Act, the Court agrees with the HRRMC Defendants that doing so is improper. *See* ECF No. 93 at 2; *Andreassen v. Health Care Serv. Corp.*, No. CIV–21–313–SLP, 2022 WL 22895726, at *6 (W.D. Okla. July 14, 2022) ("Plaintiff cannot, however, amend her pleading by adding new factual allegations or claims in her response brief."). The Court's conclusion is bolstered as well by its determination, set forth below, that Plaintiff has failed to adequately allege facts supporting his IIED claim against CompuGroup.

**B. CompuGroup's Motion to Dismiss**

Based on the allegations and claims in the operative complaint, Plaintiff brings one claim against CompuGroup. This claim is for intentional infliction of emotional distress. *See* ECF No. 27 at 52 (asserting claim against "all Defendants").

Reading the allegations of the operative complaint, and even providing them with a liberal construction, the Court agrees with CompuGroup, *see, e.g.,* ECF No. 107 at 4, that Plaintiff has failed to allege sufficient facts demonstrating that CompuGroup engaged in extreme or outrageous conduct, which is a required element of any IIED claim, *see, e.g., Stalder v. Colorado Mesa Univ*., 551 P.3d 679, 686 (Colo. App. 2024) (explaining that IIED liability "can be sustained only when the defendant's conduct toward the plaintiff was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" and that the "level of outrageousness required" to bring an IIED claim is 'extremely high'" (quoting *Green v. Qwest Servs. Corp*., 155 P.3d 383, 385 (Colo. App. 2006)). At most, as CompuGroup observes, *see* ECF No. 107 at 3, Plaintiff alleges that CompuGroup maintained a records "blockade," hijacked sensitive information, and initiated "sham investigations," ECF No. 57 at 52. These allegations, even if accepted as true, do not rise to the level of extreme or outrageous conduct. *Cf. Green*, 155 P.3d at 386.[10]

---

[10] While Plaintiff has not yet filed a response brief, it is obvious from the face of the operative complaint that Plaintiff has failed to allege facts supporting an IIED claim against CompuGroup. *See* D.C.COLO.LCivR 7.1(d) (observing that "nothing" in Local Rules "precludes a judicial officer from ruling on a motion to any time after it is filed"); *Preston v. Cap. One Auto Fin., Inc*., No. 10–cv–00073–ZLW–KLM, 2010 WL 2004697,

## III. CONCLUSION

Consistent with the above analysis, the Court GRANTS the HRRMC Defendant's motion to dismiss, ECF No. 65, and CompuGroup's motion to dismiss, ECF No. 107. With the exception of Plaintiff's FCA claims against the individual HRRMC Defendants, which are DISMISSED WITH PREJUDICE, Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE. Plaintiff may—only if he believes he can cure the pleading deficiencies identified above—file an amended complaint. Given that Plaintiff has amended his complaint numerous times, and now has the benefit of the Court's analysis, such an amended complaint MUST BE FILED within seven calendar days of this order. The Court reiterates that failure to cure the deficiencies identified above may result in summary dismissal of Plaintiff's claims.

Because the Court dismisses all of Plaintiff's claims, the Court DENIES AS MOOT Plaintiff's other pending motions. ECF No. 44; ECF No. 62; ECF No. 72; ECF Nos. 79–83; ECF No. 85; ECF No. 89; ECF No. 96; ECF No. 109; ECF Nos. 120–21. For the same reason, the Court likewise dismisses any pending motions filed by Defendants. ECF No. 90; ECF No. 123.

---

at *1 (D. Colo. May 19, 2010), *report and recommendation adopted as modified*, No. 10–cv–00073–ZLW–KLM, 2010 WL 2574131 (D. Colo. June 23, 2010). To the extent Plaintiff has filed any response to the motion, it is in a motion to strike the motion to dismiss as 'procedurally improper," ECF No. 109, but there is nothing in the record to indicate that CompuGroup's motion was improperly filed. *See generally* ECF No. 113. Moreover, Plaintiff's motion to strike proceeds from the premise that CompuGroup is in default. *See* ECF No. 109 at 3. CompuGroup persuasively explains why this is not the case, thus undermining the arguments that Plaintiff advances in his motion to strike. *See generally* ECF No. 114.

The Court further reiterates that filing such motions is not only time-consuming for everyone in this case, but must only be filed if there is a non-frivolous basis for filing such motions.

DATED this 14th day of October 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge